An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

SILVIO E. MORENTE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64761

**FILED**

JUN 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Silvio Morente's post-conviction motion to withdraw a guilty plea and vacate conviction and/or modify sentence. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Morente contends that the district court erred by denying his motion because counsel's failure to correctly advise him regarding the immigration consequences of pleading guilty resulted in a manifest injustice. *See* NRS 176.165; *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). He further claims that the district court erred by finding that his motion was subject to the equitable doctrine of laches.

To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). We review a district court's decision whether counsel was ineffective de novo, *Rubio v. State*, 124 Nev.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19083

1032, 1039, 194 P.3d 1224, 1228-29 (2008), and its determination whether withdrawal was warranted for an abuse of discretion, *Molina v. State*, 120 Nev. 185, 191, 87 P.3d 533, 538 (2004).

Even assuming, without deciding, that the doctrine of laches did not preclude consideration of Morente's motion, he is not entitled to relief because "*Padilla* does not have retroactive effect." *Chaidez v. United States*, 568 U.S. ___, ___, 133 S. Ct. 1103, 1105 (2013). We reject Morente's assertion that his case is not final because the instant motion is tantamount to a direct appeal as well as his assertion that the retroactivity analysis described in *Teague v. Lane*, 489 U.S. 288 (1989), should not apply for the same reason. Moreover, the record does not demonstrate that Morente was affirmatively misadvised of the immigration consequences of pleading guilty. Accordingly, we conclude the district court did not err by denying his motion, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Douglas Smith, District Judge
Law Offices of Anthony D. Guenther, Esq.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk